No. ——

First Circuit

DAIGLE v. PLAISANCE

(Jan. 5, 1928. Opinion and Decree.)

(Syllabus by the Editor)

1. Louisiana Digest—Automobiles—Par. 4, 4 (a).

A person driving an automobile, seeing a parked vehicle obstructing the right side of the road, should exercise extraordinary care and prudence before steering to the left and blocking the apparently clear right-of-way of another automobile coming towards him. His failure to do so shows negligence.

2. Louisiana Digest—Automobiles—Par. 9.

Three hundred dollars is a sufficient quantum of damages, for injuries, resulting from an automobile accident, to the head, arm and shoulder, from which she suffered for about two months.

Appeal from the Parish of Lafourche. Hon. R. B. Butler, Judge.

Action by Mrs. Dominique Daigle against Eugene Plaisance.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Howell, Wortham & Howell, of Thibodaux, attorneys for plaintiff, appellee.

J. A. O. Coignet, of Thibodaux, attorney for defendant, appellant.

LECHE, J. This suit is for damages for personal injury suffered by plaintiff as a result of an automobile collision.

Dominique Daigle, his wife and their five children were traveling north in a Ford touring automobile and defendant was going south with his son in a Buick automobile, when the two automobiles collided at at point about opposite another Ford

automobile parked on the west side of the highway approximately one-half mile above the village of Larose. The accident took place in the Parish of Lafourche on the public road, on the right descending bank of Bayou Lafourche, about seven o'clock on Sunday morning, September 5, 1926. Mrs. Daigle, the plaintiff, was seriously injured, the Ford automobile in which she was riding, was badly damaged and was turned upside down. Defendant's Buick was also slightly damaged, the left front fender was bent and the tube and casing were jerked off the left front wheel. The question in the case is by whose fault, if any, was the collision caused.

The undisputed facts are that the road where the accident happened is twenty-four feet wide, is graveled in the center, the packed gravel being about fifteen feet in width, and the sides of the road, four and a half feet along each drainage ditch, being covered with loose gravel and grass. A Ford automobile, headed south, was parked on the west side of the road near the ditch and was obstructing the right of way of defendant, who was also headed south.

After the collision, plaintiff's husband's Ford, with two wheels completely wrenched off and a third wheel somewhat damaged, was found turned over, about ten feet north of a point opposite the parked Ford, and defendant's Buick was headed in the drainage ditch east of the road, and about fifty feet south of the parked Ford. The preponderance of the testimony is that the collision occurred almost abreast of the parked Ford, and that the momentum of the two colliding automobiles brought them to the points where they were stopped by their damaged condition. According to the testimony, defendant's Buick weighed about three thousand pounds, the Ford in which plaintiff was traveling weighed about fifteen hundred pounds, and this accounts for the varying distances at which they were stopped after the collision.

The speed at which the parties were moving is merely a matter of guess. Each claims that the other was running at great speed, but no one in a moving automobile can say with any degree of accuracy at what speed an oncoming automobile is traveling. For that reason a person driving an automobile and seeing a parked vehicle obstructing his right of way along the right side of the road, should exercise extraordinary care and prudence before steering to the left and blocking the apparently clear right of way of another automobile coming towards him.

It is evident from the facts and circumstances, as above summed up, that defendant failed to use proper care and caution in steering his Buick towards the left of the road along the right of way which, according to the well known custom and rule of the road, belonged to plaintiff. Defendant claims that his view was obstructed by an automobile, driven by Clement LeBlanc, also going south about one hundred feet ahead of him. This is not a justifiable excuse. If LeBlanc's automobile which met that of plaintiff about one hundred feet below or south of the parked Ford, obstructed his view, it was the more incumbent on defendant to be prudent and cautious even to the point of stopping, if necessary, in order to be able to see and make sure that he could pass to the left of the parked Ford without obstructing the right of way of an oncoming automobile.

Defendant in his testimony attempts to show that the road was wide enough to permit him to meet Daigle's automobile at the place where the Ford was parked, and on a line with it. That may be possible, but automobile drivers, be they ever so careful, are not such experts as to be

able at ordinary traveling speed to safely pass between obstructions with only two or three inches to spare on each side. The reasonable conclusion to be drawn from the facts of this case, is that the collision was caused by the fault and want of care of defendant.

After the collision plaintiff was extricated from under the automobile. She was injured on the head, her arm and shoulder, and was taken to a physician, who dressed her wounds. She was later taken to New Orleans to be x-rayed and she suffered for a couple of months from these injuries. The District Judge allowed her three hundred dollars, and while this amount may appear inadequate, it is the judgment of a painstaking and fair-minded judge, familiar with the condition of the parties, and possibly better situated than this court, to do substantial justice on this branch of the case.

For these reasons the judgment under review is affirmed at the cost of defendant and appellant.