## JACKSON v. CRASSONS.*
### No. 16066.

Court of Appeal of Louisiana. Orleans.

Jan. 27, 1936.

Louis R. Hoover,. of New Orleans, for appellant.

Alden W. Muller, of New Orleans, for appellee.

JANVIER, Judge.

When one of the tires of the automobile driven by William Jackson, plaintiff, became flat as a result of a puncture, he drove it to the side of the road and alighted in order to remove it and to replace it with an inflated one. While alongside the stationary car he was struck by another automobile owned and driven by defendant, Howard M. Crassons, which approached from the rear of his car. He received rather severe physical injuries and his clothing was damaged. Charging that the cause of the accident was the carelessness of Crassons in not noticing him and his automobile in the roadway ahead, and in approaching at too high a rate of speed, and in not having his car under control, he seeks judgment against Crassons for the alleged amount of his damage, which he estimates at $2,213.

Crassons avers that he was in no way at fault, and that, as he approached the stationary car of plaintiff, his car was sufficiently to its left to pass safely both the other car and plaintiff himself who was alongside of it, but that, after the front of his automobile had already passed, plaintiff suddenly and without warning moved away from the stationary car and stepped back into the rear fender of the passing car.

In the district court there was judgment for defendant, and plaintiff has appealed.

If Crassons was unaware until too late of the presence of Jackson and of his automobile, and if, as a result of this inattention, he permitted his car to strike Jackson, then, of course, he is liable for the resulting damage, because it is definitely established that an automobile driver must keep his attention focused on the roadway ahead, and must at all times have his car under such control as will permit of its being stopped before striking another car or a person who in an emergency is required by necessity to be on the roadway. Safety Tire Service, Inc., v. Murov, 19 La.App. 663, 140 So. 879; Kern v. Knight, 13 La.App. 194, 127 So. 133; Daigle v. Plaisance, 7 La.App. 439.

But, since the judge below who heard the evidence concluded that there was no liability, we must assume that the evidence convinced him that plaintiff stepped· into the side of defendant's car and that but for that unexpected movement on his part the other car would have passed safely by. In reaching this conclusion, he no doubt was guided largely by the evidence, which shows that beyond a doubt the front of defendant's car had already passed plaintiff when he was struck or when he walked into the rear fender.

There is evidence to the effect that the passing car struck, not only plaintiff himself, but also his automobile, which was standing alongside him on the edge of the road. If this is true, then obviously the crash resulted from the inattention of defendant and not from the sudden movement of plaintiff, because the stationary car certainly did not move, and, if it was struck, it must have been as a result of defendant's carelessness. But manifestly the judge of the district court did not believe this evidence, because, had he believed it he could not have failed to render judgment for plaintiff. Had he found that defendant, with an open and unobstructed view of plaintiff and of his automobile standing motionless in the roadway ahead, permitted his automobile to· strike plaintiff and his car, then judgment must have been rendered for plaintiff.

We conclude then that also on this question of fact the evidence has been found to be against plaintiff. We find no manifest error in the conclusions reached by our brother below.

The judgment appealed from is affirmed.

Affirmed.